IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FRANCES MOLEY, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> McCORMICK & SCHMICK RESTAURANT ) <br> CORPORATION, et al., ) <br> ) <br> Defendants. ) | Case No. 16-CV-238-W-DGK |

**PROTECTIVE ORDER**

Defendant McCormick & Schmick Restaurant Corporation ("M&S") has moved for a protective order (Doc. 28), filed pursuant to Federal Rule of Civil Procedure 26(c)(1). Plaintiffs and M&S generally agree that a protective order is appropriate and necessary for some of M&S's proprietary information. However, Plaintiffs argue M&S proposes having the unilateral ability to deem any document as confidential information, which Plaintiffs fear can be abused, thereby complicating this relatively straightforward personal injury lawsuit.

The Court finds that M&S's proposed protective order is amply narrow, and does not give any Defendant the unilateral ability to deem any document as confidential information. Further, Plaintiffs have proposed no alternative language. Therefore, the motion is GRANTED.

    1.    **Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order and to facilitate the exchange of information among the parties. This Order is necessary to protect Defendants, their employees and other persons from annoyance, embarrassment, oppression, undue burden, or expense, and to protect the confidential and proprietary business information of Defendants, including their proprietary recipes, supplier relationships, and contracts. The privacy interests of Defendants substantially outweigh the

public's right of access to judicial records. Good cause exists for the issuance of a protective order under Fed. R. Civ. P. 26(c)(1) in order to limit the disclosure of documents and information appropriately deemed confidential.

2. **Confidential Information.** Certain categories of documents and information, if produced or disclosed during this litigation, must be used only for purposes of this lawsuit and will be treated as Confidential Information. Confidential Information includes only:

a. Confidential and proprietary information relating to Defendants' business practices and finances, including: trade secrets, recipes, internal policies, financial records, tax records, and by-laws;

b. Confidential and proprietary information relating to Defendants' business relationships and expectancies with third parties, such as: business agreements and contracts; confidential correspondence; terms and nature of payments; and planned business openings or expansions;

c. Confidential and proprietary information relating to Defendants' intellectual property, such as: documents concerning the development of trademarks, copyrights, and trade-dress; market studies; and marketing and branding plans;

d. Personal and confidential information about past or present employees of Defendants, including: employee personnel files, evaluations, wage or benefits information; tax forms and other tax documentation; personal information such as social security number, telephone number and residential address; and information relating to the employee's job performance.

3. **Designating Material as Confidential**. Any party may designate as confidential any document or discovery response produced after entry of this Order that qualifies as "Confidential Information" under Section 2 by conspicuously stamping or labeling the document or

discovery response with the word "Confidential." Any "Confidential" indication or designation applies not only to the original materials, but also to all copies, excerpts, abstracts, analyses, and summaries thereof. Except as otherwise provided in this Order, documents and information produced by a party may not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation; in that case, the material (and any copy of the material) is treated as confidential only after the material has been properly designated.

A party may designate deposition testimony as Confidential Information by advising opposing counsel in writing within 30 days after receiving a copy of the transcript—or at such other time as may be mutually agreed upon by the parties—of the pages and lines of the deposition that the designating party requires to be treated as confidential. All deposition transcripts must be treated as Confidential Information until the expiration of 30 days after receiving a copy of the transcript, unless otherwise agreed to by the parties in writing or on the record at the deposition. A party may, on the record at the deposition, designate deposition testimony as Confidential Information by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

4. **Disclosure of Confidential Information.** Confidential Information must be treated as such by the parties or other persons receiving such materials, and must be utilized by such parties or other persons only for the prosecution or defense of this case and in accordance with the provisions of this Order.

Disclosure of Confidential Information is limited to:

(a) the parties;

(b) persons with demonstrated, prior knowledge of the documents or the confidential information contained therein;

(c) attorneys of record in this matter, including their legal and clerical assistants and staff;

(d) Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court;

(e) any independent document reproduction services or document or video recording and retrieval services retained for purposes related to the litigation;

(f) any expert witness or outside consultant retained or consulted by any party;

(g) any mediator or arbitrator to whom the dispute among the parties may be submitted;

(h) witnesses necessary to the prosecution or defense of this action; and

(i) any other person agreed to in writing by the parties or allowed by the Court.

Prior to disclosing Confidential Information, counsel must advise the recipients of the existence of this Order, and the recipients must agree to be bound by this Order and to submit to the jurisdiction of this Court for purposes of enforcement of this Order.

5. **Disputes Concerning Designations of Confidential Information.** In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as "Confidential," the party must first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the designation of the information as "Confidential" may apply for appropriate relief from this Court.

4

6. **Binding Effect of This Order.** This Order is binding upon: the parties; their agents and employees; all counsel for the parties and their agents and employees; and all persons to whom disclosure of discovery materials or testimony is permitted pursuant to the terms of this Order.

7. **Use of Confidential Information.** All Confidential Information must be used and disclosed solely for purposes of the preparation and trial of this case, and may not be used or disclosed for any other purpose, unless ordered by the Court or another court with jurisdiction. Nothing in this Order restricts the right of any party to use Confidential Information in any hearing or trial in this case; provided, however, that the parties cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of Confidential Information from disclosure to the public.

The parties do not waive any right to object at trial to the admissibility of any Confidential Information or the right to file a motion in limine regarding the use of any Confidential Information. The parties do not waive the right to otherwise seek appropriate protection of Confidential Information, either before or after such Confidential Information has been initially filed with the Court. If a party wishes to file any Confidential Information under seal, that party must file a separate motion seeking such Order from the Court.

The parties may not voluntarily produce to any person or entity, including any federal or state law enforcement or regulatory agency, or any employee thereof, any Confidential Information, unless commanded to do so by law. If any party is requested to produce any Confidential Information, by legal process or otherwise, the party so requested must notify the designating party of such request within a reasonable time to enable the designating party to take any actions it believes are necessary or appropriate to prevent production of the requested Confidential Information, which are at the sole option and the sole responsibility of the

5

designating party.  Nothing herein precludes any third party from taking any action it believes necessary or appropriate to contest production of any Confidential Information so requested.

8. **No Admission.**  Nothing contained in this Order, nor any action taken in compliance with it:

a. Operates as an admission or assertion by any party that any particular material is, or is not, confidential;

b. Prejudices in any way the right of any party to seek a Court determination of whether or not any particular material should or may be disclosed or, if disclosed, whether or not it should remain Confidential Information and subject to the terms of this Order; or

c. Operates as an admission or assertion by any party that any particular material is, or is not, admissible into evidence.

9. **Inadvertent Disclosure/Privileged Information.**  The inadvertent disclosure by a producing party of Confidential Information or documents that are attorney-client privileged or work product does not constitute a general or specific waiver of: the attorney-client privilege; any immunity, right, or privilege a party may have under the work-product doctrine; or any other right, privilege, or immunity with respect to such Confidential Information or with respect to any other document, material, testimony, or thing related thereto.

In the event that any material that a producing party claims to be privileged or immune from discovery has been produced, the producing party must, as soon as is reasonably possible after such error has been discovered, notify all receiving parties that it asserts a claim of privilege or immunity as to the material, and request its return.  In such event:

a. If no receiving party challenges such claim of privilege or immunity by motion filed within 14 days of receiving notice from the producing party, then all copies of such material

must be returned promptly to the producing party, although all receiving parties retain all rights, if any, thereafter to challenge the assertion of privilege or immunity and seek a Court Order requiring disclosure thereof.

b.  If any receiving party does challenge such claim of privilege by motion filed within 14 days of receiving notice from the producing party, then the receiving parties may retain the material pending a ruling by the Court on the issue of privilege or immunity. However, such retention is without prejudice to the claim of privilege or immunity, and pending such ruling, such material may not be used in discovery proceedings, disclosed to any person or entity, filed with the Court, or used in trial, without leave of Court. If the Court rules the material is privileged, or immune from discovery, the material and all copies must then promptly be returned to the producing party.

10. **Return of Information.**  At the conclusion of this litigation, the parties' respective counsel must, upon written request by another party, return within 60 days of the request all documents or materials constituting, continuing, or summarizing Confidential Information designated by another party. If respective counsel fails to make a written request for the return of Confidential Information within 60 days of the conclusion of this litigation, their right to do so is waived, and other counsel must destroy all Confidential Information within 120 days of the conclusion of this litigation. The parties, however, retain the right to keep a file copy of any such Confidential Information, provided the same is designated as "Confidential" and the confidentiality of the same is maintained consistent with the requirements of this Order.

11. **Agreement Survives Dismissal.**  The terms of this Protective Order survive the final termination of this action.

12. **Paragraph Headings and Titles.** All paragraph headings and titles herein are for convenience only. The extent any heading or title herein conflicts with the substantive terms of this Order, they shall be disregarded for purposes of construing this Order.

**IT IS SO ORDERED.**

Date: August 15, 2016                             /s/ Greg Kays
                                                  GREG KAYS, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT